UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMMY J. WILCOX, | No. 2:14-cv-1636 KJN (TEMP) |
| Plaintiff, | |
| v. | ORDER |
| CAROLYN W. COLVIN, Commissioner of Social Security, | |
| Defendant. | |

This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment.[1] For the reasons explained below, plaintiff's motion is denied, defendant's cross-motion is granted, and the decision of the Commissioner of Social Security ("Commissioner") is affirmed.

PROCEDURAL BACKGROUND

On January 20, 2011, plaintiff filed an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("the Act") alleging disability beginning on November 19, 2010. (Transcript ("Tr.") at 117-25.) Plaintiff's application was denied initially, (id. at 104-07), and upon reconsideration. (Id. at 98-102.) Thereafter, plaintiff requested an

---

[1] Both parties previously consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c). (See Dkt. Nos. 8 & 10.)

administrative hearing, and a hearing was held before an Administrative Law Judge ("ALJ") on February 26, 2013. (Id. at 366-93.) Plaintiff was represented by an attorney and testified at the administrative hearing. (Id. at 366-68.) In a decision issued on July 16, 2013, the ALJ found that plaintiff was not disabled. (Id. at 21.)

The ALJ entered the following findings:

> 1. The claimant has not engaged in substantial gainful activity since January 13, 2011, the application date (20 CFR 416.971 *et seq*.).[2]
>
> 2. The claimant has the following severe impairments: Depression, cervical spondylosis without myelopathy, cervical degenerative disc disease, lumbar spondylosis without myelopathy, lumbar degenerative disc disease (20 CFR 416.920(c)).
>
> 3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).
>
> 4. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at the medium exertional level but with the following nonexertional limitations: mentally, she is able to perform simple unskilled work.
>
> 5. The claimant has no past relevant work (work performed within the past 15 years of filing SSI application, worked performed long enough to learn it, and performed as substantial gainful activity) (20 CFR 416.965).
>
> 6. The claimant was born on October 2, 1966, and was 44 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963).
>
> 7. The claimant has a high school equivalent education and is able to communicate in English (20 CFR 416.964).
>
> 8. Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.968).
>
> 9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).

---

[2] Although the ALJ's decision states that plaintiff's application date was January 13, 2011, the administrative record and defendant's motion both reflect that plaintiff's application date was January 20, 2011.

      10.  The claimant has not been under a disability, as defined in the Social Security Act, since January 13, 2011, the date the application was filed (20 CFR 416.920(g)).

(Id. at 14-21.)

On April 11, 2014, the Appeals Council denied plaintiff's request for review of the ALJ's July 16, 2013 decision.  (Id. at 5-7.)  Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on July 10, 2014.[3]

## LEGAL STANDARD

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error."  Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'"  Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)).  If, however, "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm."  McCartey v. Massanari,  298 F.3d 1072, 1075 (9th Cir. 2002).

A five-step evaluation process is used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007).  The five-step process has been summarized as follows:

      Step one: Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.

      Step two: Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.

---

[3]  On December 11, 2014, the Appeals Council granted plaintiff's request for an extension to time to file a civil action.  (Tr. at 2-3.)

>Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
>
>Step four: Is the claimant capable of performing his past work?  If so, the claimant is not disabled. If not, proceed to step five.
>
>Step five: Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987).  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

## APPLICATION

In her pending motion, plaintiff's lone argument is that the ALJ's residual functional capacity assessment does not reflect all of plaintiff's limitations as established by the relevant evidence.[4]  (Pl.'s MSJ (Dkt. No. 14) at 9-12.[5])

A claimant's RFC is "the most [the claimant] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a); 20 C.F .R. § 416.945(1).  The assessment of RFC must be "based on all the relevant evidence in [the claimant's] case record."  Id.  Here, plaintiff argues that on June 15, 2011, plaintiff was examined by Dr. Sid Cormier, Ph.D., and that Dr. Cormier opined, in relevant part, that plaintiff "was seriously impaired in her ability to maintain regular attendance and perform work activities on a consistent basis and would only be marginally functional outside of a moderately to highly supportive situation."  (Pl.'s MSJ (Dkt. No. 14) at 10.)  By not including these limitations in the RFC determination, plaintiff argues that the ALJ failed to set forth a

---

[4] In this regard, plaintiff's motion states that plaintiff "does not dispute the ALJ's findings as it pertains to her physical RFC," but "does dispute the ALJ's mental RFC of a limitation to simple unskilled work only."  (Pl.'s MSJ (Dkt. No. 14) at 9.)

[5] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

specific and legitimate reason for rejecting this aspect of Dr. Cormier's opinion, (id.), and that based on this error "a finding of disabled is warranted," or "[a]t the very least, the ALJ should have utilized the services of a vocational expert." (Id.)

Dr. Cormier's opinion, however, actually states that plaintiff's significant depression, alcoholism, learning impairments and possible borderline intellectual functioning "*may* seriously impair her ability to maintain regular attendance, particularly if she does not stay sober, and also seriously impair her ability to perform work activities on a consistent basis." (Tr. at 303) (emphasis added). Dr. Cormier's statement was speculative, not definitive as represented by plaintiff. Moreover, Dr. Cormier's opinion also actually states that plaintiff "appears marginally functional outside of a moderately to highly supportive situation at this time." (Id.) The word "only," as used by plaintiff, does not appear in Dr. Cormier's quoted sentence.

In this regard, it is not clear to the court that plaintiff's characterization of Dr. Cormier's opinion is accurate. Moreover, it does not appear that Dr. Cormier's accurately stated opinion is inconsistent with the ALJ's RFC determination that plaintiff could perform "simple unskilled work." (Id. at 18.) Indeed, Dr. Cormier opined that plaintiff's significant impairments only "moderately impair her ability to perform simple and repetitive" tasks. (Id. at 303.)

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995); see also Treichler v. Commissioner of Social Sec. Admin., 775 F.3d 1090, 1098 (9th Cir. 2014) ("we leave it to the ALJ to determine credibility, resolve conflicts in the testimony, and resolve ambiguities in the record"); Morgan v. Commissioner of Social Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999) ("Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.").

Here, viewed in the light most beneficial to plaintiff, the wording of Dr. Cormier's opinion could be characterized as possibly ambiguous. The ALJ's decision, however, is not inconsistent with Dr. Cormier's opinion. The court, therefore, finds that plaintiff is not entitled to relief with respect to this claim.

/////

CONCLUSION

The undersigned has found that plaintiff should not be granted summary judgment with respect to her sole claim for relief.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (Dkt. No. 14) is denied;

2. Defendant's cross-motion for summary judgment (Dkt. No. 17) is granted; and

3. The Commissioner's decision is affirmed.

Dated:  March 1, 2016

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

BVD\wilcox1636.ord.docx